**RELIABLE HOME HEALTH CARE, INC.**

v.

**Donna E. SHALALA, Secretary of Health & Human Services, 2000 Independence Ave., S.W., Washington, D.C. 20201**

**No. Civ.A. 00–2445.**

United States District Court, E.D. Louisiana.

May 2, 2001.

**576**

Catherine J. Smith, Catherine J. Smith & Associates, New Orleans, LA, Ronald Lawrence Wilson, Ronald L. Wilson, Attorney at Law, New Orleans, LA, for Reliable Home Health Care, Inc., plaintiff.

Paul Stuart Weidenfeld, U.S. Attorney's Office, New Orleans, LA, Jonathan Claude Brumer, U.S. Department of Health & Human Services, Health Care Financing Division, Baltimore, MD for Department of Health & Human Services, Tommy G. Thompson, Secretary, defendant.

DUVAL, District Judge.

Defendant, Donna E. Shalala, Secretary of Health & Human Services (the Secretary), brought a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6) and 56(c) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint and/or enter summary judgment in the Secretary's favor. Plaintiff, a home health service agency, is seeking judicial review of the action by the Provider Reimbursement Review Board (Board), dismissing an appeal and/or request for hearing made by the plaintiff based on the fact that "the request (for a Board hearing) was not filed within one hundred eighty (180) days of the date of the NPR as required."

The court will treat this motion as a Rule 56(c) motion as it has reviewed documents attached to the memorandum which go beyond the pleadings.

## BACKGROUND

Plaintiff, Reliable Home Health Care, Inc. (the provider) is a for profit home health agency that participates in the Medicare Program. The Medicare Program was established by Title XVIII of the Social Security Act. 42 USC §§ 1395–ggg. "A Home Health Agency may participate in the Medicare Program as a Provider" by entering into a Provider agreement with the Secretary. Reimbursement to Providers is generally made by fiscal intermediaries, which are typically private companies that also have entered into agreements with the Secretary. The Providers receive interim disbursements from the intermediary throughout the year and at the end of the year, the Provider files a cost report demonstrating its entitlement under the statute to a specified amount of reimbursement. The intermediary reviews the cost report and determines the amount of reimbursement due to the Provider for that year by which it sets forth in a Notice of Program Reimbursement (NPR). *See* 42 USC § 1395g(a); 42 CFR §§ 413.20(b) and 413.24(f), 42 CFR §§ 405.1803, 413.64(f)(2). Moreover, the intermediary may, in its discretion, reopen the Cost Report and, where appropriate issue a revised or amended NPR. 42 CFR § 405.1885.

In the event a Provider is dissatisfied with an initial or revised NPR, it may bring an administrative Appeal before the Board. 42 USC § 1395oo(a),(b); 42 CFR §§ 405.1801, 405.1835, 405.1837, 45.1841. Hearing requests must be submitted within one hundred eighty (180) days after notice of the intermediary's final NPR and may, at the discretion of the Board, be subject to extension for good cause shown. 42 CFR § 45.1841(b).

Also, in lieu of seeking administrative or judicial review, a Provider that is dissatisfied with the decision of the Board or a determination of an intermediary may request a reopening of the findings at issue in the decision or determination. *See* 42

CFR §§ 405.1885(a). A reopening request may be heard if it is made within a three (3) year period of the underlying decision or determination, and a determination to reopen "rests exclusively with that administrative body that rendered the last determination or decision." *See* CFR § 405.1885(c).

Blue Cross and Blue Shield of New Mexico initially served as the Secretary's fiscal intermediary in this matter but was ultimately succeeded by the Palmetto Government Benefits Administration (PGBA). On September 15, 1994, Blue Cross and Blue Shield of New Mexico issued an NPR for the Provider's fiscal year ending 1992. On April 29, 1996, PGBA notified the Provider that it intended to reopen the cost report to allow additional owner's compensation as a reimbursable cost, and on April 4, 1997, PGBA issued an amended NPR.

Significantly, in its amended NPR, PGBA notified the Provider of its administrative appeal rights under the statute and regulations, noting in pertinent part:

"If you are dissatisfied with our determination and the amount of the program reimbursement in controversy is at least $1,000 [sic.], you have the right to appeal our determination. To exercise your appeal rights, a written request must be filed within one hundred and eighty (180) calendar days of this Notice of Program Reimbursement. An addendum is enclosed with this letter that outlines the procedures for filing an appeal."

Instead of filing a request for Board hearing or appeal, the Provider on several occasions between April 26, 1997 and January 15, 1998 submitted copies of amended Cost Reports to its fiscal intermediary. On March 11, 1999, the Provider requested a Board hearing and the Provider offered no explanation at that time for its failure to adhere to the 180 day filing deadline. On March 10, 2000, the Board dismissed the Provider's appeal because the request was untimely as it was not filed within 180 days from the date of the amended NPR.

The Board did note that the Provider's consultant, Accu–Med Consulting Group, LTD, previously requested a reopening of the Cost Report in January, 1999 and noted that the request for reopening is still pending.

The Provider contends that the Board acted arbitrarily and capriciously in determining it did not have jurisdiction to entertain plaintiff's claim. It further contends that the matter was still open as a cost reimbursement matter was pending and a final NRP not been issued. Alternatively, the Provider claims that the agency is estopped from asserting their affirmative defense for lack of jurisdiction and a summary judgment would be inappropriate.

### STANDARD OF REVIEW

Judicial review of this dispute is governed by the standards in the Administrative Procedure Act (APA). 42 USC § 1395oo(f)(1); *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 325 (5th Cir.1984). Under the APA, the Board's decision must be set aside only if it is "arbitrary, capricious, an abuse of discretion, . . ." otherwise not in accordance with the law, or "unsupported by substantial evidence, reviewed on the record of an agency hearing provided by statute." 5 USC § 706. *See also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413–14, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971); *Sun Towers*, 725 F.2d at 325. It is also clear that under 42 USC § 1395oo(f)(1) the court's subject matter jurisdiction is limited to review of the final decision on the Board's jurisdiction, and does not extend to the merits of the Provider's underlying reimbursement claims. *See, e.g., French Hosp. Med. Ctr. v. Shalala,* 89 F.3d 1411, 1413–16; *Man-*

*agement Consultants of La. v. Sullivan,* 1989 WL 119416, (W.D.La.1989).

## ANALYSIS

The record is undisputed that the Provider's fiscal intermediary issued an amended NPR to the Provider on April 4, 1997, after reopening the Cost Report. Provider was specifically advised of its appeal rights and chose not to appeal, but instead sent Costs Reports to the intermediary. The Provider did not seek Board Review until March 11, 1999, seven hundred (700) days after the revised NPR. The court agrees that this untimely filing effectively precluded the Provider from obtaining administrative and judicial review of the revised NPR.

█ The provider suggests in its memorandum that because of its pending request to reopen, the court has jurisdiction in this matter. The refusal to reopen is at the sole discretion of the intermediary and not reviewable by the Board or this Court. 5 USC § 701(a)(2), *Your Home Visiting Nurse Servs., Inc. v. Shalala,* 525 U.S. 449, 119 S.Ct. 930, 142 L.Ed.2d 919 (1999). Plaintiff contends that there was an agreement to reopen this matter by the intermediary, however, the original reopening resulted in an amended NPR issued April 4, 1997. Subsequently, plaintiff requested a reopening which has not yet been granted, and for the reasons above stated, this issue is not before the Court, nor should it be since this Court has no discretion.

█ It appears that the plaintiff has merged the reopening procedure with the administrative appeals process. These are two distinct procedures governed by separate provisions of the Act and the CFR's (42 C.F.R. § 405.1841(a) sets forth time limits pending a request to appeal to the PRRB and 42 C.F.R. 405.1885 relates to the reopening procedure). The record clearly reflects that the provider did not request an appeal from the amended NPR.

The Provider did submit copies of amended Cost Reports to PGBA, but this would not constitute a request for a hearing or an appeal. At best these submissions could be construed as a request to reopen the Cost Report. Again, this would involve a reopening procedure and PGBA has not reopened the 1992 Cost Report since the issuance of the April 4, 1997 decision.

The only attempt by Provider to appeal was done on March 11, 1999, nearly two years after the issuance of the revised NPR. This is clearly beyond the 180 days, but the Provider argues that the dispute was unsettled and that the jurisdiction remained with the Board. Provider is obviously getting an apple (reopening) mixed with an orange (appeal).

Therefore, for the reasons stated, the defendant's motion for summary judgment is **GRANTED**, and the plaintiff's petition for judicial review is **DISMISSED** with prejudice at its costs.

## JUDGMENT

Considering the Order of the Court dated May 1, 2001,

**IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of defendant, Donna Shalala, Secretary, Dept. of Health and Human Svcs. and Palmetto Government Benefits Admin. and against plaintiff, Reliable Home Health Care, Inc., dismissing the complaint with prejudice each party to bear her or its respective costs.